IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ARNEY, ET AL., § | |
|   PLAINTIFFS, § | |
| § | |
| V. § | CIVIL CASE NO. 3:23-CV-794-L-BK |
| § | |
| LJA ENGINEERING, ET AL., § | |
|   DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I. BACKGROUND

On April 17 2023, Plaintiff Michael Arney filed a complaint on his own behalf and that of eight residents of Smith Acres Dr., Royse City, Texas. Doc. 3 at 1. He names as Defendants three home builders, several engineering, investment, surveying, and construction firms, the Edgewater Fate Homeowner's Association, the City of Fate and Rockwall County, and city and county officials. Doc. 3 at 1. Arney solely signed the complaint, but also included signed statements from each of the Smith-Acres-Drive residents. Doc. 3 at 7-17.

Arney asserts that he and the Smith-Acres residents have experienced severe flooding on their properties since 2021 as a result of the Edgewater housing development, which adjoins their properties. Doc. 3 at 1. During the past two years, Arney alleges that he met with city and

county officials and contacted engineers and developers of the Edgewater construction project to no avail.  Doc. 3 at 1-4.  He states that Defendants have "intentionally point[ed] a 100 foot dam spillway at our properties" and that the persistent stagnating waters have caused many unsanitary conditions—including mosquitoes, raw sewage, mildew, black mold, and venomous snakes—and contaminated the black land water supply, which is used for drinking water in the area.  Doc. 3 at 4.  Arney's sole request for relief is a "temporary restraining order injunction to cease and desist all construction development . . . until a positive resolution can be made[.]"  Doc. 3 at 6.[1]

Despite his many listed allegations, however, the Court concludes that subject matter jurisdiction is lacking and Arney cannot sue on behalf of the other residents.  Thus, this action should be dismissed.

**II. ANALYSIS**

    **A. Subject Matter Jurisdiction is Lacking**

Although Arney paid the filing fee, the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only

---

[1] With the complaint, Arney includes many pictures of the stagnating waters.  Doc. 3 at 18-62.

if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Arney's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Arney has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Arney's complaint does not support federal question jurisdiction as he does not allege any federal constitutional or statutory violations.

Additionally, Arney's scant complaint, including his assertion that some Defendants are in Texas, defeats subject-matter jurisdiction on the basis of diversity. Doc. 3 at 1; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

And because the complaint does not present an adequate basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims Arney may be attempting to assert. 28 U.S.C. § 1367(a).

### B. Claims on Behalf of the Other Residents are not Permitted

As noted, Arney also attempts to bring this lawsuit on behalf of the other residents of Smith Acres Drive. But he is not a licensed attorney and is thus neither qualified nor permitted to represent them before this Court. "'28 U.S.C.A. § 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law . . . and that by a person representing himself.'" *Gonzales v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998)) (citations omitted); *see also* Fed. R. Civ. P. 11(a) (requiring that every pleading, motion, and other paper must be signed by an attorney or by a party personally if the person is unrepresented). Accordingly, the claims brought on behalf of the other Smith-Acres-Drive residents should be dismissed without prejudice to the residents filing their own cases if desired.

### C. Temporary Restraining Order Request

Arney's sole request for relief is a temporary restraining order. Doc. 3 at 6. He cites FED. R. CIV. P. 65 as the basis for the relief sought. First, a request for temporary restraining order is not a standalone cause of action. That notwithstanding, to the extent that Arney seeks an *ex parte* restraining order, he fails to make the requisite showing.

Federal Rule of Civil Procedure 65 provides that "[t]he Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

Arney has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. In addition, he has not certified in writing any efforts made to give notice to the Defendants and the reasons why notice should not be required before a temporary restraining order is issued. Thus, having failed to comply with the legal requirements of Rule 65(b)(1), his request for a temporary protective order should be denied.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Arney's complaint demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Arney's claims should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, FED. R. CIV. P. 12(h)(3), and the claims on behalf of the other residents of Smith Acres Drive should be **DISMISSED WITHOUT PREJUDICE** to the residents filing their own case if appropriate. Further, if Arney seeks an *ex parte* temporary restraining order, his request should be **DENIED**.

**SO RECOMMENDED** on April 24, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).